JUSTICE NELSON
specially concurs.
¶24 I concur in our opinion. I believe, however, that Rule 37(c), M.R.Civ.P. should be amended to conform to subsections of Rule 37(a), (b), (d) and (g)[1] in allowing the trial court to impose discovery sanctions against the party, the attorney or both. While Montana’s Rule 37(c) conforms to its federal counterpart, there is no legitimate reason that I can determine why Rule 37(c) only allows sanctions to be imposed against the party and not the attorney. Indeed, this is all the more anomalous in cases where, as here, the request for admission calls for the application of legal principles of which, without the attorney’s advice, the party would have no independent knowledge. Holding the party’s attorney liable for sanctions in such instances would comport with the spirit of the Rules of Civil Procedure and would penalize the person actually responsible for the abuse of the rules and the discovery process.

. There are no subsections (e) and (f) to Rule 37 so as to conform to Rule 37 of the Federal Rules of Civil Procedure. See Advisory Committee’s Note to October 9, 1984 amendment.